**George A. BUTLER, Plaintiff–Appellant**

v.

**SIVYER STEEL CORPORATION, Defendant–Appellee.**

No. 12–2432.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 21, 2013.

Filed: May 8, 2013.

Before BYE, ARNOLD, and
SHEPHERD, Circuit Judges.

PER CURIAM.

George Butler appeals the district
court's[1] adverse grant of summary judg-
ment in his employment-discrimination ac-
tion. After careful consideration, *see Es-
tate of Morgan v. Cook,* 686 F.3d 494, 496
(8th Cir.2012) (standard of review), we af-
firm.

Assuming Butler, an African
American, stated a prima facie case of
race discrimination under Title VII of the
Civil Rights Act of 1964, 42 U.S.C.
§ 2000e *et seq.,* we conclude that his for-
mer employer, defendant Sivyer Steel
Corporation (SSC), provided a legitimate,
nondiscriminatory reason for discharging
him: namely, Human Resource Manager
Thomas Belowske determined after con-
ducting an investigation that Butler had
violated a particular shop rule by threat-
ening to cause a coworker bodily harm
and touching the coworker in a threaten-
ing way. The burden was then on Butler
to show that SSC's proffered reason was
pretextual. *See Bone v. G4S Youth
Servs., LLC,* 686 F.3d 948, 954–55 (8th
Cir.2012) (upon assuming plaintiff stated
prima facie case of discrimination, court
looked to whether employer had proffered
legitimate reason for employment action,
and then whether plaintiff had shown that
reason to be pretextual).

The summary judgment evidence
revealed no other employee who was
charged with violating the same rule but
was not fired. *See Wheeler v. Aventis
Pharm.,* 360 F.3d 853, 858 (8th Cir.2004)
(for pretext showing, "employees are simi-
larly situated only when they are involved
in or accused of the same offense and are
disciplined in different ways"). While But-
ler argues that Belowske's investigation
was racially biased because Belowske be-
lieved the Caucasian coworker's version of
events over Butler's version, the evidence
also showed that Belowske fired Butler
eleven months after hiring him—a circum-
stance giving rise to a strong inference
that discrimination did not occur, *see Arra-
leh v. Cnty. of Ramsey,* 461 F.3d 967, 976
(8th Cir.2006) (strong inference that no
discrimination occurred exists when same
actor hires and fires employee in short
time period). We therefore conclude that
the evidence was insufficient to create a
genuine question of material fact as to
whether SSC's proffered reason for But-
ler's discharge was pretextual. *See Lowe
v. J.B. Hunt Transp., Inc.,* 963 F.2d 173,
174 (8th Cir.1992) (same-actor inference
merited summary judgment for defendant
because plaintiff's evidence of pretext was
"thin"). Accordingly, we affirm the judg-
ment of the district court. *See* 8th Cir. R.
47B.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.